| STATE OF SOUTH CAROLINA | ) | |
|---|---|---|
| | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | ) | |
| | ) | |
| William F. Cappel and Kathryn E. Cappel, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| vs. | ) | 2016-CP-26-6428 |
| Underwriters at Lloyd's, London; Carney's Steamway & Pest Control, LLC; and Dunes Realty, Inc., | ) ) ) | |
| | ) | RECEIVED |
| Defendant(s) | ) | OCT 17 2016 |

Submitted By: Gene M. Connell, Jr.  
Address: Kelaher, Connell & Connor, P.C.  
Post Office Drawer 14547  
Surfside Beach, South Carolina 29587-4547

SC Bar #: 1358  
Telephone #: 843-238-5648   M. & M., LLP  
Fax #: 843-238-5050   Answered   FILE  
Other:  
E-mail: gconnell@classactlaw.net

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** *(Check all that apply)*
*\*If Action is Judgment/Settlement do not complete*

- ☒ **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.
- ☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| ☐ Employment Discrim (170) | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment (180) | | ☐ Slander/Libel (380) | ☐ Other (499) |
| ☐ Other (199) ) | | ☒ Other (399) | |
| **Inmate Petitions** | **Administrative Law/Relief** | **Judgments/Settlements** | **Appeals** |
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| **Special/Complex /Other** | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

**Submitting Party Signature:** _/s/ Gene Connell_     **Date:** September 22, 2016

*COPY*

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (03/2016)                                                                                           Page 1 of 2

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | C/A NO. 2016-CP-26- |

William F. Cappel and Kathryn E. Cappel, )
)
                               Plaintiffs, )
)
           vs. )                        SUMMONS
)
Underwriters at Lloyd's, London; )
Carney's Steamway & Pest Control, LLC; )
and Dunes Realty, Inc., )
)
                               Defendants. )
_____)

2016 SEP 26 PM 3:37

TO:   THE DEFENDANT ABOVE NAMED:

       YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscriber or subscribers at his or their office at Suite 209, The Courtyard, 1500 U.S. Highway 17 North, Post Office Drawer 14547, Surfside Beach, South Carolina 29587 within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid; the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                     KELAHER, CONNELL & CONNOR, P.C.

                                                       Gene M. Connell, Jr. (S.C. Bar No. 1358)
                                                       The Courtyard, Suite 209
                                                       1500 U.S. Highway 17 North
                                                       Post Office Drawer 14547
                                                       Surfside Beach, South Carolina 29587-4547
                                                       (843) 238-5648 (phone)
                                                       (843) 238-5050 (facsimile)
                                                       gconnell@classactlaw.net

September 22, 2016                                 **Attorney for Plaintiffs**
Surfside Beach, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | C/A NO. 2016-CP-26 - |

William F. Cappel and Kathryn E. Cappel, )
)
                                    Plaintiffs, )
)
                   vs.                          )                      COMPLAINT
                                            )    (Negligence/Breach of Contract/Bad Faith)
Underwriters at Lloyd's, London; )
Carney's Steamway & Pest Control, LLC; )                       JURY TRIAL
and Dunes Realty, Inc., )
)
                                Defendants. )
)

      The Plaintiffs, herein, complaining of the Defendants, would respectfully show unto this Honorable Court:

      1.    The Plaintiffs are citizens and residents of Garden City, South Carolina.

      2.    The Defendant Underwriters at Lloyd's, London is, upon information and belief, a corporation organized and existing as a surplus insurer doing business in South Carolina through agreement with the South Carolina Insurance Commission.

      3.    The Defendant Carney's Steamway & Pest Control, LLC is, upon information and belief, a corporation organized and existing pursuant to the laws of the State of South Carolina and doing business as a pest control and/or steam cleaning service.

      4.    The Defendant Dunes Realty, Inc. is, upon information and belief, a corporation organized and existing pursuant to the laws of the State of South Carolina and doing business as a realty company.

      5.    That on or about April 9, 2016, the Plaintiffs' home located at 723 South Waccamaw Drive, Garden City, South Carolina caught fire and was severely damaged.

6. That further upon information and belief and pursuant to various reporting agencies including the Murrells Inlet-Garden City Fire District who responded to the call, the home caught fire because Defendant Carney's Steamway & Pest Control, Inc. had been hired by Defendant Dunes Realty, Inc. as agent of the Plaintiff to do some extermination of pests in Plaintiffs' house.

7. That upon further information and belief, the Defendant Carney's Steamway & Pest Control, LLC and its officers, agents and/or employees took propane heaters into the house and heated the home up to 135 degrees.

8. That one of the heaters had a leak in it causing a propane fire which blew the windows out causing significant damage to Plaintiffs' property.

9. That at all times, the Defendant Carney's Steamway & Pest Control, LLC was operating as an agent of Defendant Dunes Realty, Inc. who had hired Defendant Carney's Steamway & Pest Control, LLC on behalf of Plaintiffs.

10. That further the Defendant Underwriters at Lloyd's, London is made a Defendant because it has and/or carries a homeowner's insurance policy for the Plaintiffs with Policy No. CHO-15-00300 for the home located at 723 South Waccamaw Drive in Garden City, South Carolina.

11. That further on information and belief the Plaintiffs' home is a total loss.

12. That Plaintiffs are informed and believe that the Defendant Carney's Steamway & Pest Control, LLC was negligent, reckless, willful in one or more of the following particulars:

    a. In using propane gas tank method to heat up Plaintiffs' home for pest control;

    b. In failing to check the propane pipes to make sure that a fire would not occur;

    c. In failing to make sure that the propane pipes on the heaters it used were not leaking;

    d. In failing to supervise and/or maintain the propane heaters;

2

e. In failing to take reasonable care to make sure that Plaintiffs' house did not catch on fire;

f. In failing to take that degree of skill or care which a reasonable and/or prudent person would have taken under the same or similar circumstances;

g. In failing to use trained and competent people to do pest control;

h. In failing to use reasonable methods in providing pest control for the Plaintiffs.

13. That Plaintiffs are informed and believe that the Defendant Dunes Realty, Inc. was negligent, reckless, willful, and wanton in one or more of the following particulars:

a. In failing to supervising Defendant Carney's Steamway & Pest Control, LLC;

b. In failing to hire a competent pest control agency;

c. In failing to make sure that Defendant Carney's Steamway & Pest Control, LLC had the appropriate propane tank equipment which was without defect;

d. In failing to supervisor and/or control Defendant Carney's Steamway & Pest Control, LLC's employees;

e. In failing to take that degree of skill and care which a reasonable person would have done under the same or similar circumstances;

f. In failing to use acceptable safety methods in eradicating pests in Plaintiffs' house.

14. That further Defendant Dunes Realty, Inc. is liable under the doctrine of respondeat superior in that Defendant Dunes Realty, Inc. hired Carney's Steamway & Pest Control, LLC to perform the service and Defendant Carney's Steamway & Pest Control, LLC was acting as Defendant Dunes Realty, Inc.'s agent and/or employee at the time of the fire and of the loss.

15. That as a direct and proximate result of the actions of the Defendants, Plaintiffs' home is a complete loss; Plaintiffs have further lost all of their personal property inside the home; Plaintiffs lost all of their rental income for the season; and Plaintiffs' damages are in excess of $500,000.00 due to the actions of the Defendants and their negligence.

3

16.    Plaintiffs ask for damages against Defendants for actual damages, for punitive damages and the costs of this action.

FOR A SECOND CAUSE OF ACTION
AS TO UNDERWRITERS AT LLOYD'S, LONDON
(Breach of Contract)

17.    The Plaintiffs reallege and reiterate each and every allegation as fully as if repeated verbatim herein.

18.    The Plaintiffs and Defendant Underwriters at Lloyd's, London had a contract whereby Plaintiffs paid a premium and Defendant Underwriters at Lloyd's, London agreed to insure Plaintiffs' home from loss such as fire.

19.    That the policy of insurance with Defendant Underwriters at Lloyd's, London provides for structural loss of $234,000.00, for personal property of $30,000.00 and for loss of income in the amount of $35,000.00.

20.    That Plaintiffs have made a claim and have repeatedly requested of Defendant that the claim be adjusted.

21.    That on August 26, 2016, the Plaintiffs demanded the policy limits of $300,000.00 and as of today's date, such demand has not been met.

22.    That further on August 26, 2016, the Plaintiffs provided a list to Defendant's insurance adjuster of the inventory of the damaged contents, that such list is in excess of $30,000.00 and despite Plaintiffs' request for payment Defendant has denied payment.

23.    The Plaintiffs bring this cause of action against Defendant Underwriters at Lloyd's, London for breach of contract for actual damages, for prejudgment interest and for attorney's fees for failure to properly adjust the loss.

24.    The Plaintiffs ask for judgment on the second cause of action for actual damages.

4

## FOR A SECOND CAUSE OF ACTION
## AS TO UNDERWRITERS AT LLOYD'S, LONDON
(Bad Faith)

25.     The Plaintiffs reallege and reiterate each and every allegation as fully as if repeated verbatim herein.

26.     That the Defendant Underwriters at Lloyd's, London through its officers, agents and/or employees did inspect the premises, did sent out an engineer and have been provided a copy of inventory of all damaged contents.

27.     That Defendant Underwriters at Lloyd's, London despite having a valid insurance policy has refused and continues to refuse to make payment to the Plaintiffs.

28.     That Defendant Underwriters at Lloyd's, London and its officers, agents and/or employees have acted in bad faith, have refused to make any payment to Plaintiffs despite the loss in question.

29.     That Plaintiffs bring this cause of action against the Defendant Underwriters at Lloyd's, London for bad faith failure to pay a valid insurance loss, i.e., the fire loss at 723 South Waccamaw Drive, Garden City, South Carolina.

30.     That Plaintiffs ask for judgment against the Defendant Underwriters at Lloyd's, London for actual damages, for punitive damages, for attorney's fees, for prejudgment interest and costs for bad faith failure to pay a valid claim.

WHEREFORE, Plaintiffs pray for judgment as follows:

A.     On the First Cause of action for actual damages and punitive damages.

B.     On the Second Cause of Action for actual damages and punitive damages.

C.     On the Third Cause of Action for actual damages, punitive damages, attorney's fees, prejudgment interest and costs.

KELAHER, CONNELL & CONNOR, P.C.

*[signature]*

Gene M. Connell, Jr. (S.C. Bar No. 1358)
The Courtyard, Suite 209
1500 U.S. Highway 17 North
Post Office Drawer 14547
Surfside Beach, South Carolina  29587-4547
(843) 238-5648 (phone)
(843) 238-5050 (facsimile)
gconnell@classactlaw.net
**Attorney for Plaintiff**

September 22, 2016
Surfside Beach, South Carolina

6